## SCOFIELD v. PENNSYLVANIA CO.

### (Circuit Court, W. D. Pennsylvania.   December 22, 1906).

### No. 1, July Term, 1906.

1. DEATH—ADULT CHILDREN—ACTION BY PARENTS.

Where a child after becoming of age continues to live with his parents and they have a reasonable expectation of pecuniary advantage from his services they are entitled, according to the interpretation put by the State Courts upon the local statute which is the basis of the action, to recover damages for his wrongful death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 43; vol. 13, Courts, §§ 956, 957.]

2. SAME—MEASURE OF DAMAGES—REASONABLE EXPECTATION OF PECUNIARY BENEFIT BY PARENT.

The right to recover however is confined strictly to compensation and the damages must be such as are reasonably in sight. It is the reasonable expectation of pecuniary benefit—that which it can be said with reasonable certainty that the parent in all likelihood would have enjoyed if death had not stepped in—which is the value to the parent of the child's life and the measure of the loss.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 112, 115, 117.]

3. SAME—DAMAGES—EXCESSIVENESS.

Plaintiffs sued for the alleged negligent killing of their son, a man about 30 years old, who was unmarried and living with plaintiffs, to whom he had given his services for a number of years, the estimated value of which was from $4,000 to $7,000 a year, receiving from his parents only about $500 a year to meet his personal expenses, having assured his father that he would continue so to work until the father had paid off an indebtedness under which he was laboring. Held, that the parents' reasonable expectation of the continuance of such services could not extend more than a year or two ahead at any time, and that a verdict awarding them $17,000 was excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 125–130.]

Rule for a New Trial.

J. Ross Thompson, for the rule.
J. B. Cessna and J. R. McQuigg, for plaintiffs.

ARCHBALD, District Judge.*   The plaintiffs sue for the death of their son. who was killed by the negligence of the defendant company while a passenger upon one of its trains.   He was about 30 years old, unmarried. and living with his father and mother to whom he had given his services for a number of years, assuring his father that he would continue to do so until he (the father) had paid off the indebtedness under which he was laboring.   His father is an architect engaged in a large and lucrative business at Cleveland, Ohio, and it was in that connection that the son undertook to assist him.   His services were variously estimated at the trial by different witnesses as worth from $4,000 to $7,000 a year, the only amount paid him by his father on account of them being about $500 annually to meet his personal expenses.   The

*Specially assigned.

jury gave a verdict for $17,000, and a new trial is asked for on the ground that it is excessive.

When a child is under age, the parents have a right to his earnings, and may therefore sue for the loss experienced by his death. But this right ends when he attains his majority, and, if death occurs before that, a recovery is limited in consequence to his probable earnings up to that time; "the chance of survivorship, his ability and willingness, after he should become of age, to support others," being too vague, as it is declared, "to enter into an estimate of damages merely compensatory." Caldwell v. Brown, 53 Pa. 453; Lehigh Iron Co. v. Rupp, 100 Pa. 35. It is, however, on the other hand, held, that after a child has become of age, if the family relation exists in fact, and the parents have a reasonable expectation of pecuniary advantage therefrom, an action may be maintained, based upon that expectancy. Pennsylvania Railroad v. Adams, 55 Pa. 499; North Penn. Railroad v. Kirk, 90 Pa. 15. It is difficult for me to reconcile these opposite and seemingly contradictory positions. It would be easier to do so, if the right to recover for the death of an adult child was confined to cases of actual dependence on the part of the parent, which the courts would naturally be reluctant to cut off, out of which the other doctrine may have grown. But this is not the law, which must be accepted as it is laid down; the act which is the basis of the action being local and the construction given to it by the state courts therefore being controlling. The conditions, however, which surround the subject suggests a limitation. The expectation of benefit to be derived by the parent from the child after it has become of age is not to be indefinitely extended. The effort at the trial was to have it reach to the full expectancy of the son's life according to the tables of mortality, regardless of the fact that, by the same, the parents would be both dead long before that. Hedged about by uncertainties and contingencies, as the expectation of the parent conspicuously is, it cannot be invoked to sustain any such speculative claim. The right to recover is confined strictly to compensation, and the damages must be such as are reasonably in sight. It is the reasonable expectation of pecuniary benefit— that which it can be said with reasonable certainty that the parent in all likelihood would have enjoyed if death had not stepped in—that is the value to the parent of the child's life, and the measure of the loss.

In the present instance, as pointed out at the trial, no matter what the filial affection of the deceased, or the assurances given to his father, the relation could be terminated at any moment, for any reason, or for no reason at all. The son was his own master, and, as the estimate put upon the value of his services shows, had abundantly proved his powers, and might assert his independence when he chose. He might be led to marry, or to go to work for himself, or be allured by a business proposition from some outside source, or he might fall out with his parents, as often happens, after years of good feeling, for the most trivial cause. Or disease or accident might incapacitate him, or death intervene, as it did.

Notwithstanding these considerations, the jury by the verdict have in effect declared that the existing relations were assured to the plaintiffs with reasonable certainty anywhere from three to five years,

according to the value to be assigned to his services, and taking the verdict as so much cash in hand. Put at interest, indeed, it would yield of itself something like $1,000 a year for all time. I regret to say that I do not see my way to let this stand. Undoubtedly the question of damages in this as in every case is one for the jury, but the court must see that they do not get beyond bounds. The deceased was nearly 10 years past his majority, and the plaintiffs would be fortunate, as it seems to me, if they could count with any certainty upon his remaining with them a year or two ahead at a time, the chance of which would lessen as the years went on. The verdict is thus, upon any reasonable basis, from two to three times what it ought to be, and cannot be sustained. If it had been $10,000, I might not have disturbed it, although that would have been large.

But as it is, without undertaking any nearer than this to say what it should be and simply declaring it to be excessive as it stands, the rule for a new trial is made absolute.

